**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-2771-WJM

RUTHIE MAE BROWN,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

      Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND**
**REMANDING TO THE COMMISSIONER FOR REHEARING**

---

      This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff Ruthie Mae Brown ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits and supplemental security income.  The denial was affirmed by an Administrative Law Judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act").  This appeal followed.

      For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits and supplemental security income is reversed and the case is remanded to the Commissioner for rehearing.

## I.  BACKGROUND

      Plaintiff was born on December 19, 1962, and was 42 years old on the alleged disability onset date.  (Admin. Record ("R.") (ECF No. 7) at 33.)  Plaintiff has a 10th

grade education that involved special education and a limited ability to read and write.

(R. at 33.)  Plaintiff has past relevant work experience as a hand packager, baker

helper, home health aide, and flagger.  (R. at 40.)

Plaintiff filed an application for a period of disability and disability insurance

benefits and for supplemental security income on September 1, 2009,[1] alleging that she

had been disabled since January 1, 2005 due to multiple physical impairments

including interstitial lung disease,[2] as well as mental impairments, including psychosis,

depression, post-traumatic stress disorder, borderline personality disorder, and alcohol

dependence.  (R. at 33.)  Plaintiff's application was initially denied on March 9, 2010.

(R. at 28.)  After requesting a hearing on May 7, 2010, Plaintiff's claims were heard by

ALJ Paul Conaway on June 17, 2011.  (*Id.*)  Plaintiff and vocational expert Pat Pauline

testified at the administrative hearing.  (*Id.*)  The ALJ received medical evidence and

opinions on Plaintiff's mental impairments from examining psychologists Dr. Maximillian

Wachtel and Dr. William Graham, non-examining Disability Determination Services

("DDS") psychiatrist Dr. Ellen Ryan, and non-examining DDS psychologist Dr. MaryAnn

Wharry.  (R. at 29.)

On July 1, 2011, the ALJ issued a written decision in accordance with the

---

[1] Plaintiff filed a previous application on September 25, 2008, which was denied on May 22, 2009.  (R. at 28.)  Plaintiff did not appeal that initial decision.  (*Id.*)  In his opinion, the ALJ declined to re-open Plaintiff's previous application; Plaintiff does not contest that decision here. (R. at 29.)

[2] As Plaintiff has not challenged the ALJ's findings and conclusions with regard to Plaintiff's remaining physical impairments, the Court will discuss only those impairments relevant to this appeal.  (*See* ECF No. 10 at 19-27.)

Commissioner's five-step sequential evaluation process.[3]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 23, 2009.  (R. at 33.)  At step two, he found that Plaintiff suffered from the severe impairments of psychosis, major depressive disorder, post-traumatic stress disorder, borderline personality disorder, and alcohol dependence.  (*Id.*)  The ALJ did not find Plaintiff's interstitial lung disease or any other physical impairment to be a severe impairment.  (R. at 33-34.)  At step three, the ALJ found that Plaintiff's mental impairments, though severe, did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations.  (R. at 38.)  The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that:

> [T]he claimant has the [RFC] to perform a full range of work at all exertional levels.  Mentally, the claimant can perform the basic demands of competitive, remunerative, unskilled work, including the ability, on a sustained basis[,] to follow simple instructions, sustain ordinary routines, make simple work-related decisions, and respond appropriately to usual work situations and to changes in a routine work setting.  The claimant can accept supervision and relate appropriately to co-workers, if contact is not frequent or prolonged.  The claimant's job duties should primarily involve working with things rather than other people.

(R. at 38-39.)  Given this RFC, at step four, the ALJ found that Plaintiff could not perform her past relevant work as a home health aide, but could perform her past work as a hand packager, baker helper, and flagger.  (R. at 40.)  Accordingly, the ALJ found

---

[3]  The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

that Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits.  (R. at 41.)

The Appeals Council denied Plaintiff's request for review on August 24, 2012. (R. at 1-3.)  Thus, the ALJ's July 1, 2011 decision is the final administrative action for purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

On appeal, Plaintiff argues that the ALJ committed four reversible errors:  (1) the ALJ failed to incorporate limitations consistent with her severe mental impairments into

her RFC; (2) the ALJ failed at step four to make sufficient findings regarding the demands of her past relevant work and her ability to meet those demands; (3) the ALJ failed to consider the medical records for Plaintiff's involuntary psychiatric hospitalization in 2008; and (4) the ALJ erred at step two in finding that Plaintiff's interstitial lung disease was not a severe impairment.  (ECF No. 10 at 19-27.)  As the Court finds the RFC argument dispositive, it will address this argument first.

Plaintiff contends that the ALJ erred in incorporating into the RFC only some of the limitations relevant to her mental impairments.  (*Id.* at 20-22.)  Specifically, Plaintiff points to the RFC evaluation of state agency psychologist Dr. Wharry, which indicated moderate limitations in several areas of understanding and memory, sustained concentration and persistence, and social interaction, and argues that additional limitations should have been included in the RFC.  (R. at 85-87.)

An ALJ "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as [he] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources."  20 C.F.R. § 416.927(e)(2)(ii).  "If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 416.927(e)(2)(ii)).  Thus, when the ALJ purports to rely upon a medical opinion and adopt the limitations therein, he is required to either adopt all such limitations or explain why he is choosing to adopt only some of them.  *See id.*

Here, the ALJ found that the majority of the medical opinions of Plaintiff's mental RFC were inconsistent with evidence in the record. (R. at 39-40.)  However the ALJ found that Dr. Wharry's opinion merited "[g]reater weight" due to its consistency with the record as a whole—indeed, the ALJ gave Dr. Wharry's opinion the "[g]reatest weight". (*Id.*)  Therefore, the ALJ stated, he "accept[ed] the mental limitations" given by Dr. Wharry.  (R. at 39.)  The ALJ then incorporated nearly verbatim into the RFC a description of limitations appearing in Dr. Wharry's opinion under the title "MRFC – Additional Explanation":

> Clmt can follow simple instructions, sustain ordinary routines and make simple work related decisions; cannot work closely with public, supervisors or coworkers; can accept supervision and related to coworkers if contact is not frequent or prolonged.

(*Id.*; R. at 87.)  This explanation appears to encompass the moderate limitations Dr. Wharry indicated in Plaintiff's social interaction abilities, as well as the moderate limitations in Plaintiff's "ability to understand and remember detailed instructions", her "ability to carry out detailed instructions", and her "ability to work in coordination with or in proximity to others without being distracted by them".  (R. at 86-87.)

However, the ALJ did not include all of Dr. Wharry's limitations in his RFC.  Dr. Wharry found additional moderate limitations in sustained concentration and persistence that were not included in her "Additional Explanation" paragraph, nor were they reflected in the RFC.  (*See* R. at 86 (opining that Plaintiff is "moderately limited" in her "ability to maintain attention and concentration for extended periods" and her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number

6

and length of rest periods").  Rather, the ALJ specifically stated that Plaintiff was able "on a sustained basis" to perform the simple, ordinary routine work outlined in the RFC. (R. at 39.)

Because the ALJ stated that he was relying on Dr. Wharry's opinion in formulating the RFC, he was required to "explain the weight he [wa]s giving to it." *Hamlin*, 365 F.3d at 1215.  The ALJ indicated that Dr. Wharry's opinion merited the "greatest weight" and that he was "accept[ing] the mental limitations" she provided, but the ALJ did not explain why he incorporated only some of her opinion's limitations, while ignoring others.  (R. at 39.)  The ALJ's opinion mentions only positive impressions of Dr. Wharry's opinion, and contains no evaluation of the concentration and persistence limitations she included in her opinion of Plaintiff's mental RFC.  (*Id.*)

It appears that the ALJ's failure to include the additional limitations in Dr. Wharry's opinion in the RFC may be the result of their absence from Dr. Wharry's "Additional Explanation" paragraph at the end of her report.  Nevertheless, whether the ALJ purposefully discounted these aspects of Dr. Wharry's opinion for an unstated reason, or whether he inadvertently failed to incorporate them because they were not part of Dr. Wharry's "additional explanation" of her assessment, the Court cannot speculate.  Nor can the Court "substitute its judgment for that of the agency" and determine whether these limitations would have changed the ALJ's decision.  *See Salazar*, 468 F.3d at 621.  The ALJ's failure to weigh these aspects of the medical opinion he relied upon affected the formulation of the RFC.  The hypothetical question the ALJ posed to the vocational expert was based solely on the limitations in the RFC,

and the ALJ then relied exclusively on the vocational expert's testimony in finding that Plaintiff was capable of returning to her past relevant work.  (R. at 40.)  "Testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision."  *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).  Accordingly, because of the ALJ's error in formulating the RFC, the Court finds that the ALJ's decision was not supported by substantial evidence.

Where an ALJ fails to fully explain the weight assigned to a medical opinion, it may constitute harmless error where "[t]here is no reason to believe that a further analysis or weighing of this opinion could advance [the plaintiff]'s claim of disability." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012).  Here, however, because the ALJ's error affected the key analytical basis for the ALJ's ultimate decision at step four, the error was not harmless.  Therefore, the Court finds that it requires remanding the case to the Commissioner for rehearing.  *See* 42 U.S.C. § 405(g).

The Court expresses no opinion as to the remainder of Plaintiff's arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  It is entirely possible that, after fully considering the evidence, the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled under the Act.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED

and this case is REMANDED to the Commissioner for rehearing.


Dated this 28th day of October, 2013.

BY THE COURT:

William J. Martinez
United States District Judge